## BROWN'S CASE.

The offence of cutting and girdling fruit trees is not punishable by indictment at common law ; but only by *Stat.* 1821, *ch.* 33.

This defendant was indicted for that with force and arms, to wit, with a knife, axe and saw, and other offensive weapons, unlawfully, maliciously, and with intent to injure one *R. S.* he broke and entered his inclosure, and girdled, mutilated, and destroyed thirty of his apple trees &c. against the peace. And being convicted, he moved in arrest of judgment,—that the facts alleged in the indictment did not constitute any offence at common law,—and were not charged as being against the form of any statute.

The *Attorney General*, being called upon by the Court to support the indictment, observed that the defendant having been absent during the year to which prosecutions under *Stat.* 1821, *ch.* 33, are limited, the party injured had preferred no complaint within that period ; and he had therefore proceeded against him for a malicious mischief at common law. And he contended that by the common law of this State, this offence was punishable by indictment. The basis of our common law on this subject is found in the *Stat.* 37 *Hen.* 8, which makes the offence of "barking fruit-trees" a misdemeanor, punishable by action at the suit of the party injured, and a fine of ten shillings to the king, *East's P. C.* 1053. The provincial statute of 1698, *ch.* 52, to prevent trespasses, speaks of persons *convicted* of hurting and pulling up fruit trees ; and for the cutting of trees it provides a fine, and in some cases whipping, setting in the stocks, and imprisonment. The statute also of 1785, *ch.* 28, speaks of the remedies provided and penalties annexed by the common law, as being insufficient ; thus recognizing the existence of common

law relating to the offence, and enacting cumulative penalties. And it is only at common law that this Court can take jurisdiction of the offence ; for by the statute of this State the remedies there provided can be pursued only before Justices of the Peace, or in the Court of Common Pleas.

But the indictment charges a breach of the peace with a high hand, and by a person armed with dangerous weapons ; which is punishable by indictment.  *Co. Lit.* 257.  3 *Burr.* 1731.  *Harding's case* 1 *Greenl.* 22.

*Sprague* for the defendant.

THE COURT observed that they were not aware that the statute of 37 *Hen.* 8 had ever been adopted in this country ; and that from the early colonial legislation on the subject, it seemed improbable that it had been. The offence therefore was not indictable except under the statute of this State; and *this* remedy is limed to one year from the commission of the offence, which term had expired before the finding of the indictment.

*Judgment arrested.*